IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Cynthia Latoya Wright, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Civil Action No.: 2-14-cv-01999-TLW |
| ) | |
| Michael J. Astrue, ) | |
| Commissioner of Social Security ) | |
| Administration, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

# ORDER

The Plaintiff, Cynthia Latoya Wright ("Plaintiff"), brought this action on May 21, 2014 pursuant to 42 U.S.C. § 405(g) to obtain judicial review of a final decision of the Defendant, Commissioner of Social Security Administration ("Commissioner" or "Defendant"), denying her claims for Disability Insurance Benefits ("DIB"). (Doc. #1). The Plaintiff applied for DIB on September 30, 2011. Her application was denied initially on December 13, 2011 and upon reconsideration on July 6, 2012. An Administrative Law Judge ("ALJ") held a hearing on August 8, 2013, and issued a decision finding that the Plaintiff was not disabled on October 18, 2013. The Appeals Council subsequently denied the Plaintiff's request for review of the ALJ decision.

This matter is before the Court for review of the Report and Recommendation ("the Report") filed on July 16, 2015 by United States Magistrate Judge Mary Gordon Baker, to whom this case had previously been assigned pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2) DSC. (Doc. #20). In the Report, the Magistrate Judge recommends that the Commissioner's decision be affirmed. (Doc. # 20). The Plaintiff filed Objections to the Report on

1

August 1, 2015. (Doc. #22). The Commissioner filed a Response to the Plaintiff's Objections on August 19, 2015. (Doc. #23).

This Court is charged with conducting a <u>de novo</u> review of any portion of the Magistrate Judge's Report and Recommendation to which a specific objection is registered, and may accept, reject, or modify, in whole or in part, the recommendations contained in that report. 28 U.S.C. § 636. In conducting this review, the Court applies the following standard:

> The magistrate judge makes only a recommendation to the Court, to which any party may file written objections . . . . The Court is not bound by the recommendation of the magistrate judge but, instead, retains responsibility for the final determination. The Court is required to make a <u>de novo</u> determination of those portions of the report or specified findings or recommendation as to which an objection is made. However, the Court is not required to review, under a <u>de novo</u> or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the report and recommendation to which no objections are addressed. While the level of scrutiny entailed by the Court's review of the Report thus depends on whether or not objections have been filed, in either case the Court is free, after review, to accept, reject, or modify any of the magistrate judge's findings or recommendations.

<u>Wallace v. Housing Auth. of the City of Columbia</u>, 791 F. Supp. 137, 138 (D.S.C. 1992) (citations omitted).

The Court has carefully reviewed the Magistrate Judge's Report and Recommendation. It is hereby **ORDERED** that the Magistrate Judge's Report is **ACCEPTED**. (Doc. # 20). For the reasons articulated by the Magistrate Judge, the Commissioner's decision is **AFFIRMED**.

**IT IS SO ORDERED**.

<u>s/ Terry L. Wooten</u><br>
TERRY L. WOOTEN<br>
Chief United States District Judge

August 26, 2015
Columbia, South Carolina